UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Larry L. Jones, ) | |
| ) | |
| Petitioner, ) | Cr. No.: 8:08-cr-00247-GRA |
| ) | (C/A No.: 8:14-cv-01156-GRA) |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | (Written Opinion) |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before this Court on Petitioner Larry L. Jones' ("Petitioner's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 64. For the reasons set forth below, Petitioner's Motion is DISMISSED.

Petitioner brings this Motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). However, 28 U.S.C. § 2255(h) states that a "second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The court of appeals will only allow a second or successive § 2255 petition if the petition contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals"); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Here, Petitioner previously filed a § 2255 motion, which was dismissed by this Court. ECF No. 58. Petitioner has not alleged that he has obtained an order of certification from the United States Court of Appeals for the Fourth Circuit authorizing

this Court to consider his second § 2255 motion.[1]  Therefore, this Court lacks jurisdiction to hear this successive § 2255 petition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED as an uncertified, successive petition.  This Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  28 , 2014
Anderson, South Carolina

---

[1] Petitioner's § 2255 Motion includes, as an attachment, a Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.  ECF No. 64-2.  However, Petitioner's § 2255 Motion does not state that the Fourth Circuit has granted this request for authorization, nor does the record contain an order from the Fourth Circuit authorizing this Court to consider Petitioner's § 2255 Motion.

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").