UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Larry L. Jones, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 8:08-cr-00247-GRA |
| | ) | (C/A No.: 8:14-cv-01803-GRA) |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before this Court on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 filed by Larry L. Jones ("Petitioner"). ECF No. 70. For the reasons set forth below, this Petition is DISMISSED.

Petitioner brings this Petition *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). However, 28 U.S.C. § 2255(h) states that a "second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The court of appeals will only allow a second or

successive § 2255 petition if the petition contains either "newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals"); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Here, Petitioner previously filed two § 2255 motions which were dismissed by this Court. Petitioner filed the first § 2255 motion on June 10, 2013, which this Court denied. ECF Nos. 51 & 58. Petitioner then filed a second § 2255 motion, which this Court dismissed for lack of jurisdiction as Petitioner failed to allege that he had obtained an order of certification from the United States Court of Appeals for the Fourth Circuit authorizing the second § 2255 motion. ECF Nos. 64 & 65. In the present § 2255 Petition, Petitioner has again failed to allege that he has received pre-filing authorization from the Fourth Circuit. Therefore, this Court lacks jurisdiction to hear this successive § 2255 Petition.

**IT IS THEREFORE ORDERED** that the Petition is DISMISSED as an uncertified, successive petition.  This Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May  6 , 2014
Anderson, South Carolina

---

[1] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").